| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIAH LYN SPATE,

        Plaintiff,

  v.

LAKE COUNTY SHERIFF'S DEPT., et al.,

        Defendants.

No. 2:20–cv–2423–JAM–KJN PS

ORDER GRANTING IFP REQUEST GRANTING LEAVE TO AMEND

(ECF No. 2.)

Plaintiff Mariah Lyn Spate, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  In evaluating whether a pleading states sufficient facts on which to base a claim, all well-pled factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non-moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).  Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, plaintiff names the "whole department" of the Lake County Sheriff's Department, as well as (it appears) three employees thereof.  Plaintiff lists seven numbers as a basis for federal question ("440, 230, 550, 470, 446, 443, 448"), and prays for $100,000 in monetary damages as well as, it appears, a return of some property and an unnamed restraining order.  Plaintiff then attaches 5 pages of additional, "very brief and vague" allegations.  (See ECF No. 1.)

1   As written, there are numerous deficiencies with plaintiff's complaint.  First, it is not
2   completely clear what plaintiff intends by listing numbers in her basis for the court's jurisdiction.
3   Federal courts are court of limited jurisdiction, and require either claims arising "under the
4   Constitution, laws, or treaties of the United States" or "complete diversity of citizenship and an
5   amount in controversy over $75,000."  See 28 U.S.C. §§ 1331, 1332(a).  It is possible plaintiff
6   intends to assert claims under 18 U.S.C., which is the U.S. criminal code.  However, these claims
7   cannot be maintained by private citizens.  See Allen v. Gold Country Casino, 464 F.3d 1044,
8   1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).  It is also
9   possible plaintiff is attempting to raise claims under California law.  However the parties do not
10  appear to be diverse, as both are citizens of California.  Further, there are numerous California
11  statutes using the code numbers listed in the complaint.  Without more clarity, the court cannot
12  say whether it has the power to hear plaintiff's claims.

13      Further, plaintiff's "very brief and vague" assertions do not help the court in
14  understanding the scope of her claims.  She references a call to the sheriff and a threat of arrest,
15  general allegations of fraud, an eviction, a neighbor with a restraining order, and various utility
16  bills.  However, it is not clear how these allegations relate to any claim against the defendants.
17  The court interprets pro se pleadings liberally, but cannot construct claims for plaintiff on her
18  behalf.

19      Finally, the court notes that plaintiff lists "A, E, A-minor" in the caption of her complaint.
20  The court is not certain who these individuals are, or how many individuals there may be, but it is
21  possible the caption references plaintiff's minor child(ren).  Plaintiff is proceeding without the
22  assistance of counsel in this case, and is not allowed to represent minor parties.  Johns v. County
23  of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("A parent or guardian cannot bring an action on
24  behalf of a minor child without retaining a lawyer.").

25      In light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could
26  allege a claim against defendants, the court finds it appropriate to grant plaintiff an opportunity to
27  amend the complaint.  Plaintiff shall follow the pleading standards on the following page when
28  composing any amended complaint.

If plaintiff elects to amend, this new complaint shall:

i. be captioned "First Amended Complaint";
ii. be limited to 10 pages (not including any exhibits necessary to understand the issues), double spaced with a font size of 12 Times New Roman (or equivalent) (*pages exceeding the page limit will be stricken and will not be considered*);
iii. clearly state the legal source of her claim(s) (e.g. statutes or common-law claims), and why the court has subject matter jurisdiction to hear plaintiff's complaint;
iv. for each claim, clearly identify which defendants are allegedly at fault (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v. list the factual allegations supporting each particular claim;
vi. include a general background facts section to orient the reader only as necessary;
vii. include her statements for jurisdiction, venue, and relief sought as is necessary;
viii. refrain from alleging redundant, immaterial, impertinent, or scandalous matters;
ix. omit any minor children from the amended complaint (unless plaintiff has retained the services of an attorney); and
x. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Moving forward, the court cannot rely on a prior complaint or other filing, as once the amended complaint is filed, any prior complaints no longer serve a function. See Local Rule 220 (requiring an amended complaint to be complete in itself without reference to any prior pleading).

Finally, nothing in this order requires plaintiff to amend. If plaintiff determines she is unable to amend in compliance with the court's order, she instead may file a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). This dismissal notice shall be filed within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Within 28 days of this order, plaintiff shall file either (a) an amended complaint, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either of these documents by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: December 16, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

spat.2423

4