UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAH LYN SPATE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAKE COUNTY SHERIFF'S DEPT., et al.,<br><br>　　　　Defendants. | No.  2:20–cv–2423–JAM–KJN PS<br><br>ORDER GRANTING LEAVE TO AMEND<br><br>(ECF No. 2, 7.) |

　　　　Plaintiff Mariah Lyn Spate, who is proceeding without counsel in this action, was previously granted leave to proceed in forma pauperis.[1]  (See ECF No. 4.)  Pursuant to 28 U.S.C. § 1915, the court screened plaintiff's complaint and found "numerous deficiencies." These included plaintiff's listing of a series of numbers in her statement of jurisdiction, her listing of a minor as a plaintiff, and her admission that her complaint was "very brief and vague."  The court found it appropriate to allow plaintiff to amend, given that it was possible she may be able to state a cause of action on which relief may be granted.  The court instructed that, if plaintiff chose to amend, she should follow a set of pleading standards which the court believed would help plaintiff outline her claim(s).  (See ECF No. 4 at 3, items i-x.)  Plaintiff was given 28 days to amend her complaint, and was told she could not rely on her prior complaint.

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

On January 4, 2021, plaintiff filed a document entitled "first amended complaint," accompanied by a motion for temporary restraining order.[2] (ECF No. 7.) This filing is a single paragraph that only states her complaint is about "matters that have been going on for last several years." The filing does state that on December 3, 2020, plaintiff and her daughter "were thrown out of our home illegally because of false information regarding our home." However, plaintiff then mentions her acting as an informant, fugitives in Texas, an alleged wrongful arrest on December 10, all of which appears disconnected from an eviction. (Id.) The filing states plaintiff is "working on a detailed statement," but then ends abruptly with plaintiff stating she "tried to file after hours and my phone . . . ."

Plaintiff's latest filing falls short of what is required under the federal rules—even more so than her original complaint. This filing does not: (a) allege any federal causes of action; (b) allege why the court has jurisdiction over this matter; (c) list which defendant violated which cause of action; (d) describe the specific actions each defendant allegedly took; and (e) describe how these specific actions harmed her. See Fed. R. Civ. P. 8(a). However, given that it appears plaintiff is having technical difficulties, the court finds it appropriate to provide plaintiff with an additional opportunity to amend. Plaintiff is warned that any further failure to follow the court's instructions regarding amendment will result in a recommendation that her case be dismissed with prejudice. For ease, the court now repeats its instructions for amendment.

Standards for Amendment

If plaintiff elects to amend, this new complaint shall:

i. be captioned "Second Amended Complaint";
ii. be limited to 10 pages (not including any exhibits necessary to understand the issues), double spaced with a font size of 12 Times New Roman (or equivalent) (*pages exceeding the page limit will be stricken and will not be considered*);
iii. set off each cause of action in a separate section, which should describe:
   a. the legal source of her claim(s) (e.g. a statute or a common-law claim);
   b. why the court has subject matter jurisdiction to hear the claim;
   c. which defendants are allegedly at fault for this claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
   d. the facts surrounding each defendant's act(s) that supports the claim;
   e. the harm plaintiff suffered as a result of defendant(s) act(s);

---

[2] The assigned district judge reviewed and denied plaintiff's TRO on January 5. (ECF No. 8.)

   iv.    include a general background facts section to orient the reader only as necessary;
   v.    refrain from alleging redundant, immaterial, impertinent, or scandalous matters;
   vi.   omit any minor children from the amended complaint (unless plaintiff has retained the services of an attorney); and
   vii.  address any other pleading deficiencies outlined in the court's prior order and above.

This amended complaint shall be filed within 21 days of this order. Finally, plaintiff is again advised that the court cannot rely on a prior complaint or other filing; plaintiff's new complaint must contain a complete statement of her claims. See Local Rule 220 (requiring an amended complaint to be complete in itself without reference to any prior pleading).

As before, nothing in this order requires plaintiff to amend. If plaintiff determines she is unable to amend in compliance with the court's order, she instead may file a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). This dismissal notice shall be filed within 21 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 21 days of this order, plaintiff shall file either (a) an amended complaint, or (b) a notice of voluntary dismissal of the action without prejudice; and

2. Failure to file either of these documents by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 12, 2021

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

spat.2423