UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAH LYN SPATE,<br><br>        Plaintiff,<br><br>    v.<br><br>LAKE COUNTY SHERIFF'S DEPT., et al.,<br><br>        Defendants. | No. 2:20–cv–2423–JAM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

On December 7, 2020, plaintiff, proceeding pro se, filed a complaint and requested leave to proceed in forma pauperis. (ECF Nos. 1, 2.) The court granted plaintiff leave to proceed without paying the filing fee, but noted her complaint failed to allege any viable causes of action against any named defendant and failed to allege claims that gave rise to federal subject matter jurisdiction. (ECF No. 4.) The court found it was not inconceivable that plaintiff could state a claim, and so ordered her to submit an amended complaint within 28 days that detailed her causes of action, the names of the defendant(s), and some basic facts to demonstrate a claim was plausible. (Id.) On January 4, 2021, plaintiff filed a "first amended complaint," but this was simply a ten-line paragraph that provided even less detail than the first filing. (ECF No. 7.) The court noted it appeared plaintiff may have been having technical issues, and so granted an additional 21 days to resubmit the filing. (ECF No. 9.) This latest order was served on plaintiff, but it was returned as undeliverable. On February 10, plaintiff updated her address with the court,

1

and the clerk reserved the court's previous orders on plaintiff.  Since this latest reserve, more than 21 days have passed without a response from plaintiff.

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing [her]self [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (sua sponte dismissal under Rule 41(b) approved plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  These are:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

///

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense.  With the passage of time, memories' fade and evidence becomes stale.  The fifth factor also favors dismissal because the court has already attempted less drastic alternatives.  Specifically, after granting plaintiff leave to proceed without paying the filing fee, the court informed plaintiff of the complaint's deficiencies and provided her with an opportunity to state the details regarding her claims.  However, plaintiff has been incommunicado since filing the "first amended complaint," leaving the court with little alternative but to recommend dismissal.  Given her request to proceed IFP, it is unlikely that monetary sanctions could be effective.

As to the fourth factor, the public policy favoring disposition on their merits, that factor is outweighed by the other Ferdik factors.  Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.  Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's claims be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b);

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 8, 2021

spat.2423

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3